IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TIMOTHY BASHAM, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:17-cv-202 |
| | ) | |
| v. | ) | |
| | ) | |
| TIMOTHY L. JENKS | ) | By: Hon. Robert S. Ballou |
| | ) | United States Magistrate Judge |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Currently before me are plaintiff Timothy Basham's motion for leave to amend his complaint (Dkt. No. 13) and defendant Timothy Jenks's motion for judgment on the pleadings (Dkt. No. 16). I heard oral argument on these motions on December 6, 2017, and took them under advisement. I consider these motions pursuant to 28 U.S.C. § 636(b)(1)(B) and recommend that Basham's motion for leave to amend his complaint be denied as futile, and that Jenks's motion for judgment on the pleadings be granted, and the complaint be dismissed with prejudice.

### I. Background

Basham and Jenks became business partners in 2007 when they formed Waterstone Development Company, LLC ("Waterstone, LLC") for the development of residential homes. Compl. ¶ 4, Dkt. No. 1–2. Basham and Jenks each owned 50% of Waterstone, LLC. Id. Thereafter, Waterstone, LLC obtained a loan from Franklin Community Bank for the construction and development of a residential neighborhood. In December 2013, Waterstone became insolvent. Compl. ¶ 8. Basham alleges in his brief that the bank seized personal collateral of both Jenks and Basham in partial satisfaction of the outstanding loan balance. Pl.'s Br. in Supp. of Mot. to Amend at 2, Dkt. 14. The value of the personal collateral is unclear; however,

1

even after the seizure of the personal collateral, Waterstone, LLC remained in debt "to Franklin Community Bank and other creditors . . . in excess of $280,000." Compl. ¶ 9. Basham alleges that Jenks "contributed only $6,000 towards the debt of [Waterstone, LLC]" and that the amount "paid by [Basham] without contribution from [Jenks] was $274,000." Compl. ¶ 9. Thus, Basham asserts that he paid "approximately $134,000 owed by [Jenks] when [Jenks] failed to live up to his obligation as required under the parties Operating Agreement" and that he has suffered damages in the amount of $134,000. Compl. ¶¶10, 16.

Basham's only cause of action alleged in the original complaint is for breach of contract. Compl. ¶¶ 11–16. However, Basham seeks to amend the complaint to assert a claim for common law contribution between co-sureties. Am. Compl. ¶¶32–40, Dkt. No. 13–1. In support of his motion to amend and his contribution action, Basham alleges that the parties signed multiple promissory notes personally guaranteeing the repayment of Franklin Community Bank's loan to Waterstone, LLC. Am. Compl. ¶¶ 9–17. The amended complaint asserts that "for most promissory notes executed by the parties, both the plaintiff and the defendant executed a personal guarantee for the repayment of any outstanding amounts if the LLC failed to pay." Am. Compl. ¶17. Basham further alleges that the "debt to [Franklin Community Bank] has not been repaid in full and remains an open debt to the bank." Am. Compl. ¶24.

## II. Motion for Leave to Amend the Complaint

Federal Rule of Civil Procedure 15(a) allows parties to amend pleadings either within 21 days after service, or at any time with either written consent from the opposing party or leave of the court. Fed. R. Civ. P. 15(a). Courts are instructed to "freely give leave when justice so requires." Id. As the Fourth Circuit has explained, "[t]his directive gives effect to the federal policy in favor of resolving cases on the merits instead of disposing of them on technicalities."

2

Mayfield v. NASCAR, 674 F.3d 369, 379 (4th Cir. 2012) (quoting Matrix Capital Mgm't Fund, LP v. BearingPoint, Inc., 576 F.3d 172, 192 (4th Cir. 2009)). In the Fourth Circuit, "The law is well settled 'that leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999)(emphasis in original) (citation omitted).

I recommend that Basham's motion to amend the complaint be denied because the proposed amendment, adding the claim of contribution, would be futile.[1] See Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir.1986) (finding that leave to amend should only be denied as futile "when the proposed amendment is clearly insufficient or frivolous on its face"). Neither the complaint nor the amended complaint, allege that the parties' debt has been satisfied, which I find is a required element to allege a cause of action for contribution under the common law of Virginia. In fact, the amended complaint specifically alleges that the debt to Franklin Community Bank "remains partially outstanding." Am. Compl. ¶ 39.

Under Virginia law, the right to contribution arises "on the broad principles of equity," instead of from any express contract or agreement between the parties. See Houston v. Bain, 196 S.E. 657 (Va. 1938) ("Where two persons are subject to a common burden it shall be borne equally between them. The law implies a contract between the parties to contribute ratably towards the discharge of the obligation.") Before a party may seek contribution from his co-

---

[1] Jenks also argues that he would suffer prejudice because the contribution theory in the proposed amendment involves different facts than the contract theory, requiring Jenks "to gather and analyze facts not already considered." D.'s Br. in Opp. to Mot. to Amend Complaint at 2, Dkt. No. 15. Jenks points out that the "contract theory arises from the Operating Agreement, where the contribution theory arises from an implied promise to indemnify between Basham and Jenks as co-guarantors on the promissory notes." Id. at 9. Jenks also asserts that the delay in amending was in bad faith and was a "tactical decision meant to hinder Jenks's ability to adequately defend against the contribution theory." Id. I do not find this argument persuasive, as any prejudice to defendant related to timing and discovery deadlines could be minimized by moving the trial date and adjusting the deadlines. Indeed, Jenks admits that, "[h]ad Basham moved to amend even a month earlier, then Jenks would have likely had sufficient time to conduct the necessary, additional discovery." Id. at 2.

3

guarantor, the debt must be fully satisfied. This requirement is contained in the case law developing the common law right to contribution. See Van Winckel v. Carter, 95 S.E.2d 148, 152 (Va. 1956) ("The right to contribution becomes complete and enforceable upon the payment or discharge of the common obligation.") (citations omitted); see also Gardner v. Bean, 677 P.2d 1116 (Utah 1984) ("Generally, common law contribution presumes the payment and extinguishment of the debt by one for the benefit of all."); See also Carey v. McCaslin, 43 N.E.2d 519, 520 (Ohio Ct. App. 1942) (holding that "a co-obligor is entitled to contribution from another co-obligor when the former has completely satisfied the obligation, even though in so doing he has paid a sum of money less than his proportionate share of the face amount of the obligation").

In Sacks v. Tavss, the Supreme Court of Virginia discusses when "equity should intervene" and award contribution. 375 S.E.2d 719, 722 (Va. 1989). The court specifically noted that the "Tavsses did not make full satisfaction of the indebtedness due to the Bank and did not secure a release which covered the Sackses" and then held that to merit contribution one surety must (1) pay more than his proportionate share of the amount owed the creditor, or (2) pays less than his proportionate share and also secure a release for his cosurety. Id. Implicit in both these prongs is the requirement that the surety first extinguish the debt, either by full satisfaction of the debt, or by partial satisfaction, but obtaining a complete release. The Sacks court explains that "Comment d [to § 154 of the Restatement of Security] contemplates that the settlement by one surety for less than the amount of the debt will be in *full satisfaction* of the debt, meaning that the paying surety must secure a release not only for himself but also for his cosurety or cosureties before he can demand contribution based upon the amount of the settlement." Sacks, 375 S.E.2d at 721 (emphasis in original); see also NationsBank of Virginia, N.A. v. Jordache Venture

4

Assocs., No. CIV.A. 2:92CV494, 1993 WL 724806, at *8 (E.D. Va. Aug. 4, 1993), aff'd sub nom. NationsBank of Virginia, N.A. v. Mizrachi, 27 F.3d 563 (4th Cir. 1994) (noting that the court "ultimately decided to rely" on the case of Sacks v. Tavss, which "precludes a partner from seeking contribution or indemnification from a copartner until the entire amount of the debt has been paid" but finding that a party's arguments for an extension or modification of Sacks was made in good faith).

Basham alleges in the proposed amended complaint that Waterstone's debt to Franklin Community Bank which Jenks and he guaranteed remains outstanding, and, therefore, he cannot allege that he has satisfied the amount due or otherwise secured a release of the debt. Accordingly, Basham cannot allege the necessary elements of a claim for contribution against Jenks, rendering the proposed amended complaint futile. As such, I recommend that Basham's motion to amend be denied.

### III. Motion for Judgment on the Pleadings

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, a party may move for judgment on the pleadings after the pleadings are closed.[2] Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is governed by the same standard as a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. See Independence News, Inc. v. City of Charlotte, 568 F.3d 148, 154 (4th Cir. 2009); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 405 (4th Cir.1998)). However, the court may also consider the defendant's answer. See Massey v. Ojaniit, 759 F.3d 343, 347 (4th Cir. 2014); see also Void v. Orangeburg Cty. Disabilities & Special Needs Bd., Civil Action No. 5:14-cv-02157-JMC, 2015 WL 404247, at *2 n.1 (D.S.C. Jan. 29, 2015).

---

[2] Basham argues that Jenks's motion for judgment on the pleadings is premature because it was filed before the court ruled on his motion to amend the complaint. However, as I conclude that Basham's motion to amend the complaint is futile, I also conclude Jenks's motion for judgment on the pleadings based on the original complaint is ripe for adjudication.

5

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards, 178 F.3d at 243; see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (holding that to survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level."). When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The court "may also consider documents attached to the complaint, see Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).[3]

The complaint's sole count is for breach of contract. Under Virginia law, a viable breach of contract claim has three elements: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." Filak v. George, 594 S.E.2d 610, 614 (Va. 2004).

Jenks argues that judgment on the pleadings is appropriate because Basham's complaint does not allege facts to support the first element of a breach of contract claim – a legally

---

[3] Basham argues that Jenks went beyond the pleadings in arguing his motion for judgment on the pleadings, requiring that it be converted to a motion for summary judgment. Pl.'s Br. in Opp. to Mot. for J. on Pleadings at 3, Dkt. No. 21. Under Rule 12(d), when documents outside of the pleadings are submitted in relation to a motion to dismiss, the motion to dismiss generally should be converted to a motion for summary judgment. See Fed. R. Civ. P. 12(d); Gay v. Wall, 761 F.2d 175, 177 (4th Cir. 1985). However, here, I will consider both the Operating Agreement, which Basham attached to the complaint, as well as the Articles of Organization, which Basham explicitly relied on in the complaint, without converting Jenks's motion to a motion for summary judgment. See Phillips v. LCI Int'l Inc., 190 F.3d 609, 618 (4th Cir.1999) (stating that "a court may consider [a document outside the complaint] in determining whether to dismiss the complaint" where the document "was integral to and explicitly relied on in the complaint" and there was no authenticity challenge); see also Compl. ¶ 8 (alleging that, "Pursuant to the Articles of Organization of [Waterstone, LLC] and the Operating Agreement between [the parties], both [parties] were required to make certain contributions to ensure the liquidity and viability of the company.")

enforceable obligation. Jenks asserts that he has no personal obligation for Waterstone, LLC's liabilities under either its Articles of Organization or Operating Agreement, and thus Basham has no contractual right to force Jenks to contribute for the company's debts. D.'s Br. in Supp. of Mot. for J. at 2, Dkt. No. 17. Jenks further points out that under Virginia law, an LLC is an independent entity and its members are not personally liable for the debts or actions of the company. See Va. Code. § 13.1-1019.

Basham counters that the Operating Agreement and Articles of Organization obligate Jenks to pay Waterstone's debts. Basham asserts that, under the Articles of Organization of Waterstone, LLC and the Operating Agreement between the parties, both he and Jenks were obligated to make "certain contributions to ensure the liquidity and viability of [Waterstone LLC]." Compl. ¶ 8. The complaint further alleges that the parties entered into "a contractual agreement whereby each agreed to be obligated for 50% of the costs and liabilities of Waterstone Development, LLC." Id. at ¶ 12.

Here, judgment on the pleadings is appropriate because Basham does not allege, and cannot allege, the first element of a claim for breach of contract, a personal obligation of the parties to pay the debts of Waterstone, LLC. Under Virginia law, a limited liability company, "is an independent entity which can sue and be sued and its members are not personally liable for the debt or actions of the company." Hagan v. Adams Prop. Assocs., Inc., 482 S.E.2d 805, 807 (Va. 1997) (citing Va. Code §§ 13.1-1009, 1019). The Articles of Organization and the Operating Agreement do not remove this immunity, and, in fact, the Articles of Organization further shelter members from personal liability. See Articles of Organization at ¶8, Ex. 1 to D.'s Mot. for J., Dkt. No. 17-1 ("Each Member who is or was a party to any proceeding (including a proceeding by or in right of the LLC) shall be indemnified by the LLC against any liability

7

imposed upon or asserted against him (including amounts paid in settlement) arising out of conduct in his official capacity with the LLC or otherwise by reason of the fact that he is or was such a Member . . . ."); See also Moorehead v. Keller, 845 F. Supp. 2d 689, 693 n. 1 (W.D.N.C. 2012) ("When a document attached to the pleadings contradicts the allegations of the complaint, the document controls in a Rule 12(b)(6) motion to dismiss."). Further, Basham's argument that Article 10 of the Operating Agreement creates an obligation for Waterstone, LLC's debts is not well taken. Pl.'s Br. in Opp. to Mot. for J. at 9, Dkt. No. 21. Article 10 of the Operating Agreement provides that all "profits and losses shall be shared among the members according to their respective percentage balances in the capital account."[4] Operating Agreement, Ex. A to the Complaint, Dkt. No. 1-2. I find that this language is not intended to eliminate limited liability for members of Waterstone, LLC; indeed, a contrary intent to protect limited liability for members is embodied in both the Articles of Organization, and Virginia law.[5]

Accordingly, I **RECOMMENDED** that an order be entered, **DENYING** Basham's motion for leave to amend his complaint, and **GRANTING** Jenks's motion for judgment on the pleadings, and dismissing the complaint with prejudice.

The clerk is directed to transmit the record in this case to the Honorable Michael F. Urbanski, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation which must be filed within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become

---

[4] Jenks points out that this language "reflects that a limited-liability company is a pass-through entity" for purposes of taxation. D.'s Br. in Supp. of Mot. for J. on Pleadings at 9, Dkt. No. 17.

[5] For these same reasons, Basham's argument that Articles 5 and 6 of the Operating Agreement create personal liability by members for the LLC's debt is not well taken.

conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C.

§ 636(b)(1)(C) as to factual recitations or findings, as well as to the conclusion reached by me,

may be construed by any reviewing court as a waiver of such objections, including a waiver of

the right to appeal.

                              Entered: January 3, 2018

                              *Robert S. Ballou*

                              Robert S. Ballou
                              United States Magistrate Judge