IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TIMOTHY BASHAM, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:17-cv-00202 |
| | ) | |
| v. | ) | |
| | ) | |
| TIMOTHY L. JENKS, | ) | By: Michael F. Urbanski |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff Timothy Basham ("Basham") brings this breach of contract action against defendant Timothy L. Jenks ("Jenks") arising out of the insolvency of their residential development company, Waterstone Development Company, LLC ("Waterstone"). Pending before the court are Basham's motion for leave to amend the complaint, ECF No. 13, and Jenks' motion for judgment on the pleadings, ECF No. 16. Pursuant to 28 U.S.C. § 636(b)(1)(B), the court referred both motions to United States Magistrate Judge Robert S. Ballou for a report and recommendation. ECF No. 18.

The magistrate judge heard oral arguments on the motions on December 6, 2017. ECF No. 23. In a report and recommendation issued on January 3, 2018, the magistrate judge recommended granting Jenks' motion for judgment on the pleadings because neither Waterstone's Articles of Organization nor its Operating Agreement created a legally enforceable obligation for the parties to pay the debts of Waterstone. ECF No. 25, at 7–8. The magistrate judge further recommended denying Basham's motion for leave to amend the complaint as futile, reasoning that the proposed contribution claim was not ripe because

Basham had not alleged that he had fully satisfied the debt or partially satisfied the debt and secured a complete release for Jenks. Id. at 2–5. Jenks timely filed a limited objection to the magistrate judge's reasoning regarding Basham's motion for leave to amend. ECF No. 26. On March 13, 2018, the court heard oral argument on Jenks' limited objection. ECF No. 28.

For the reasons stated below, the court will **ADOPT in part and REJECT in part** the magistrate judge's report and recommendation to the extent consistent with the reasoning in this Memorandum Opinion, **DENY** Basham's motion for leave to amend the complaint, **GRANT** Jenks' motion for judgment on the pleadings, and **DISMISS** this case **with prejudice**.

I.

Basham, a South Carolina resident, and Jenks, a Virginia resident, formed Waterstone to develop residential homes in Roanoke County, Virginia in 2007. As alleged by Basham, each owned 50% of Waterstone and both parties were required to make contributions to ensure the liquidity and viability of the company. Waterstone entered into multiple promissory note arrangements during its existence, at least one of which was with Franklin Community Bank ("Bank"). Waterstone became insolvent in December 2013, with outstanding obligations to the Bank and other creditors in excess of $280,000. Basham alleges to have paid $274,000 to creditors while Jenks paid only $6,000.

Basham filed a breach of contract claim against Jenks in the Circuit Court for the County of Franklin on November 10, 2016, and Jenks removed the case to this court on May 4, 2017. ECF No. 1. Basham asked the court for leave to amend the complaint to add a common law contribution claim on October 12, 2017. ECF No. 13. The proposed amended

complaint added factual allegations about the debt that Waterstone owed to the Bank. ECF No. 13-1. In relevant part, Basham newly alleges that Waterstone obtained multiple loans from the Bank from 2007 to at least 2010, most of which were subject to a personal guarantee for repayment by the parties. In June 2012, the Bank notified Waterstone that it was in default on one of the loans with a deficiency of $517,008.05. The Bank thereafter seized personal collateral of both parties in partial satisfaction of the outstanding loan balance. Basham alleges in the proposed complaint that Jenks' share of the amount owed by Waterstone to its creditors totals $140,000, and that Basham paid that amount plus approximately $134,000 owed by Jenks when Jenks "failed to honor his obligation as required under Waterstone's operating agreement." ECF No. 13-1, at 6. Basham seeks damages in the amount of $134,000.

## II.

Rule 72(b) of the Federal Rules of Civil Procedure permits a party to "serve and file specific, written objections" to a magistrate judge's proposed findings and recommendations within fourteen days of being served with a copy of the report. See also 28 U.S.C. § 636(b)(1). The Fourth Circuit has held that an objecting party must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007), cert denied, 127 S. Ct. 3032 (2007).

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and

3

> recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Id. The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636(b)(1). "General objections that merely reiterate arguments presented to the magistrate judge lack the specificity required under Rule 72, and have the same effect as a failure to object, or as a waiver of such objection." Moon v. BWX Techs., Inc., 742 F. Supp. 2d 827, 829 (W.D. Va. 2010) (citing Veney v. Astrue, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008)), aff'd, 498 F. App'x 268 (4th Cir. 2012); see also Thomas v. Arn, 474 U.S. 140, 154 (1985) ("[T]he statute does not require the judge to review an issue de novo if no objections are filed.").

Further, objections that only repeat arguments raised before the magistrate judge are considered general objections to the entirety of the report and recommendation. See Veney, 539 F. Supp. 2d at 845. As the court noted in Veney:

> Allowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection "mak[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." Howard [v. Sec'y of Health & Human Servs.], 932 F.2d [505], 509 [(6th Cir. 1991)].

539 F. Supp. 2d at 846. A plaintiff who reiterates his previously raised arguments will not be given "the second bite at the apple [ ]he seeks." Id. Instead, his re-filed brief will be treated as a general objection, which has the same effect as a failure to object. Id.

### III.

In his limited objection, Jenks supports the magistrate judge's recommendation for dismissal but disagrees with his reasoning regarding the motion for leave to amend.[1] See Def.'s Limited Obj. to R&R, ECF No. 26, at 3. The magistrate judge determined that a contribution claim under Virginia law requires a guarantor to fully satisfy the joint debt, or partially satisfy the debt and secure a complete release. ECF No. 25, at 2–5. By contrast, Jenks argues that the paying party *only* needs to pay more than his proportion of the joint debt or, if the party pays less, secure release of both its own debt and the debt of the non-paying party. ECF No. 26, at 4. Jenks contends that this distinction matters because the statute of limitations for Basham's contribution claim has passed, and thus the motion should be denied as time-barred to foreclose future litigation.[2] Id. at 10–11. The court reviews the magistrate judge's recommendation de novo.

### A.

Federal Rule of Civil Procedure 15(a) provides that "[a] party may amend its pleading once as a matter of course within 21 days after serving it. . . . In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Rule

---

[1] Neither Basham nor Jenks object to the magistrate judge's recommendation that the court grant Jenks' motion for judgment on the pleadings. After careful review, the court accepts the recommendation and **GRANTS** Jenks' motion for judgment on the pleadings.

[2] If the magistrate judge's reasoning is not corrected, Jenks fears that Basham could reinstitute his contribution claim once he pays the remainder of Waterstone's debt balance. See Def.'s Limited Obj. to R&R, ECF No. 26, at 9–10.

5

15 allows courts to freely grant leave to amend a complaint "when justice so requires." Id.; see also Johnson v. Oroweat Foods Co., 785 F.2d 503, 511 (4th Cir. 1986). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962). The grant or denial of leave lies in the sound discretion of the district court. See Gambelli v. United States, 904 F. Supp. 494, 497 (E.D.Va.1995), aff'd, 87 F.3d 1308 (4th Cir. 1996). Denial of leave to amend constitutes abuse of discretion without sufficient reason, such as futility of amendment, undue delay, bad faith, dilatory motive, undue prejudice, or repeated failure to cure deficiencies by previous amendments. See Foman, 371 U.S. at 182.

"Unless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, conjecture about the merits of the litigation should not enter into the decision whether to allow amendment." Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980) (internal citations and quotations omitted). A proposed amendment is futile when it would not survive a motion to dismiss. See United States ex. Rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008). A district court "determines futility under the standard of Fed. R. Civ. P. 12(b)." Chattery Int'l, Inc. v. JoLida, Inc., No.: WDQ-10-2236, 2011 WL 4527337, at *3 (D. Md. Sep. 27, 2011). "To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 700 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 597 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Therefore, a plaintiff's motion to amend pleadings is futile if it does not state a claim to relief that is plausible on its face.

**B.**

The magistrate judge recommended denying Basham's motion for leave to amend the complaint as futile because his contribution claim was not ripe without allegations that he fully satisfied the joint debt or partially satisfied the debt while securing a complete release. ECF No. 25, at 2–5. While the court agrees with the magistrate judge's recommended disposition, this interpretation of Virginia contribution law is incorrect.

In Virginia, an equitable contribution claim arises in two ways. First, a co-guarantor may claim contribution from other co-guarantors when he pays more than his proportion of the debt owed to creditors. See In re Morabito (Friedman v. Morabito), No. 94-2542, 1995 WL 502909, at *3 (4th Cir. 1995) (explaining that a contribution claim arises in Virginia "after a co-guarantor has paid more than his pro-rata share of the debt"); Young v. Bowen, 131 Va. 401, 108 S.E. 866, 868 (1921) (holding that a "surety is not entitled to a judgment against his co-surety until he has paid more than his part of the debt of the principal"); Gordon v. Rixey's Adm'r, 86 Va. 853, 11 S.E. 562, 564 (1890) (noting that a "surety can only call for contribution when he has paid more than his proportion of the joint debt, and then only for the excess"). Second, a contribution claim arises when a co-guarantor pays less than his proportionate share of debt, but secures a release on behalf of himself and his co-guarantors. See Sacks v. Tavss, 237 Va. 13, 375 S.E.2d 719, 722 (1989); see also In re Morabito, 1995 WL 502909, at *3 (explaining that a contribution claim alternatively arises

where "the original obligation has been paid in '*full satisfaction* of the debt' or settled in a manner that 'secures a release' of all co-guarantors' liabilities to the obligor.").

The magistrate judge held that implicit in these two options is a requirement that the debtor fully satisfy the debt. However, the court finds that this additional requirement is without a basis in the case law. In Sacks v. Tavss, 237 Va. 13, 19, 375 S.E.2d 719, 722 (1989), the Supreme Court of Virginia held:

> Unless one surety pays more than his proportionate share of the
> amount owed the creditor or pays less yet secures a release for
> his cosurety, he has done no more than he was obligated to do
> in the first place. Hence, there is no reason why equity should
> intervene to lessen his obligation by awarding him contribution.

Sacks does not suggest that a debtor must fully satisfy the debt in order to claim contribution. Moreover, such a suggestion is not present in Restatement of Restitution § 82 (1937), which was quoted in Sacks. The Restatement states: "[a] person who, with another, is subject to a duty . . . is entitled to contribution from the other when, and only when, he has discharged more than his proportionate share"; the only exception, found in comment b, is where a party who pays less than his proportionate share of an obligation secures "a full release" from the creditor. Again, there is no statement or suggestion that full satisfaction is required.[3]

Van Winckel v. Carter, 198 Va. 550, 556, 95 S.E.2d 148, 152 (1956), the other case relied upon by the magistrate judge in the R&R, similarly does not create such a requirement. The magistrate judge cited Van Winckel for the proposition that "[t]he right to contribution

---

[3] Notably, the parties in Sacks accepted that "no obligation for contribution arises until a surety discharges more than his proportionate share," and only disputed how to calculate the share when one party settles for less than the total amount of the debt. See Sacks, 237 Va. at 16-18, 375 S.E.2d at 721-22.

8

becomes complete and enforceable upon the payment or discharge of the common obligation." However, this selection from Van Winckel only addressed the accrual of the plaintiff's statute of limitations rather than the amount required to have a right to contribution. Van Winckel did not require payment of the *entire* debt to create an enforceable contribution claim.[4]

Courts in fact have found a right of contribution even where a debt was not fully extinguished. See, e.g., Oginz v. Craftsman Elec. Mfg., Inc., 44 Va. Cir. 290 (1998) ("Although Anderson has already lost his $45,000 CD to the Crestar Bank he has paid nothing towards the balance remaining of Craftman's debt. Anderson is only entitled to contribution on 2/3 of the $45,000 amount."). The Fourth Circuit has laid out the rule for contribution under Virginia law and recognizes a claim without full satisfaction:

> In Virginia, the right to obtain equitable contribution arises only after a co-guarantor has paid more than his pro-rata share of the debt, or when the original obligation has been paid "in full satisfaction of the debt" or settled in a manner that "secures a release" of all co-guarantors' liabilities to the obligor. Sacks v. Tavss, 375 S.E.2d 719, 721-22 (Va. 1989) (emphasis in original); Houston v. Bain, 196 S.E. 657, 662 (Va. 1938) (summarizing the equitable right to contribution in Virginia).

In re Morabito, 64 F.3d 658, at *3 (4th Cir. 1995). Restatement § 82 even provides an example of entitlement to contribution where a surety paid more than his proportion but less than the full note. The right of contribution does not depend on the plaintiff's satisfaction of the entire obligation.

---

[4] The court notes that the magistrate judge also relied upon NationsBank of Virginia, N.A. v. Jordache Venture Assocs., No. CIV.A. 2:92CV494, 1993 WL 724806 (E.D. Va. Aug. 4, 1993), aff'd sub nom. NationsBank of Virginia, N.A. v. Mizrachi, 27 F.3d 563 (4th Cir. 1994). However, NationsBank did not make a statement of law, but referenced an argument advanced by one of the parties: "[T]he Strelitz defendants contend that these claims were not well-grounded in fact or warranted by existing law because the case of Sacks v. Tavss, 375 S.E.2d 719 (Va.1989), precludes a partner from seeking contribution or indemnification from a copartner until the entire amount of the debt has been paid." Id. at *8.

The magistrate judge erred in his reasoning for denying the motion to amend. Based on Virginia law, the court must consider whether Basham can allege that he paid more than his proportionate share of the debt owed to Waterstone's creditors, fully satisfied Waterstone's debts to creditors, or secured a release of Waterstone's debt obligations on behalf of Jenks. Basham has not done so in his amended complaint. However, Basham's counsel represented at the hearing that he believed Basham paid $274,000 to the Bank and that the Bank's outstanding balance was approximately $24,000. ECF No. 28. This approximated representation suggests that Basham could meet the proportionate share requirement of a contribution claim.

C.

Although Basham likely could allege that he paid more than his proportionate share of Waterstone's debts to the Bank, an amended contribution claim for the same disputed payments would be futile because the claim is time-barred. The statute of limitations period for contribution claims in Virginia is three years. See Va. Code § 8.01-246(4) (stating a party must bring "actions upon any unwritten contract, express or implied, within three years"); Tate v. Winfree, 37 S.E. 956, 956 (Va. 1901) ("The statute of limitations applicable to such a case [for contribution] is three years . . . ."). The statute of limitations begins to run for a contribution claim when the right to recover arises, which is "after payment of an unequally large share of the common obligation." Gemco-Ware, Inc. v. Rongene Mold & Plastics Corp., 234 Va. 54, 57, 360 S.E.2d 342, 344 (1987); see also Tate, 37 S.E. at 956 ("The right of one surety to call upon his co-surety for contribution . . . springs up at the time of

10

entering into that relation, and is fully consummated when the surety is compelled to pay the debt.").

At the March 13, 2018 hearing before this court, counsel for both parties agreed that the statute of limitations period for Basham's contribution claim is three years. Counsel for Basham represented Basham paid more than his proportionate share of the debt to the Bank (paying approximately $274,000 with $24,000 outstanding), and Basham most recently submitted payment to the Bank in May 2013. Basham's counsel agreed with Jenks' counsel that the statute of limitations had run for the claim if the court did not accept the magistrate judge's reasoning that the claim was not yet ripe.

Based on counsel's representations at the hearing, the court finds that Basham has paid more than his proportionate share of the debt owed to the Bank. However, Basham paid this proportionate share more than three years prior to the time he brought a contribution claim against Jenks. The statute of limitations period for Basham's contribution claim ran in May 2016, and Basham did not file suit until November 2016 and seek to bring a contribution claim until October 2017. Even if Basham were to allege that he paid more than his pro-rata share of the joint debt, such a contribution claim would be time-barred because it would be made after the lapse of the statute of limitations period. Any amended contribution claim would be futile. Therefore, the court will **DENY** Basham's motion for leave to amend the complaint and **DISMISS** Basham's contribution claim **with prejudice**.

## IV.

For the reasons stated above, the court **ADOPTS in part and REJECTS in part** the magistrate judge's report and recommendation to the extent it is consistent with the

11

reasoning in this Memorandum Opinion, **DENIES** Basham's motion for leave to amend the complaint, and **GRANTS** Jenks' motion for judgment on the pleadings. This matter is **DISMISSED with prejudice** and **STRICKEN** from the active docket of the court.

An appropriate Order will be entered this day.

Entered: 05-10-2018

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge